IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| RHONDA BELCHER AND ELLA LOUISE JOHNSON AS ADMINISTRATRIX OF THE ESTATE OF MACKENZIE PAIGE HAYS | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ENDO PHARMACEUTICALS INC.; ALLERGAN PLC F/K/A ACTAVIS PLC; ACTAVIS, INC.; WATSON LABORATORIES, INC.; INSYS THERAPEUTICS, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.; ENDO HEALTH SOLUTIONS INC.; MCKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN DRUG CORPORATION; RUSSELL PORTENOY; PERRY FINE; SCOTT FISHMAN; LYNN WEBSTER; MAGNA PHARMACEUTICALS, INC.; XANODYNE PHARMACEUTICALS, INC.; RICHIE ENTERPRISES, L.L.C. D/B/A RICHIE PHARMACAL; AND ALYSSA NOBLE | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 6:18-CV-00246-GFVT (Removal from: Circuit Court of Leslie County, No. 18-CI-00134) |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS ON BEHALF OF DEFENDANT,
RICHIE ENTERPRISES, LLC d/b/a RICHIE PHARMACAL**

1

Defendant, Richie Enterprises, LLC d/b/a Richie Pharmacal ("Riche"), by counsel, for its memorandum in support of its motion to dismiss, states as follows:

## INTRODUCTION

In their complaint, the Plaintiffs allege that Defendant, Alyssa Noble, negligently operated a motor vehicle while driving under the influence of drugs and her vehicle "careened upon the sidewalk and slammed into two innocent pedestrians." (Complaint, ¶ 1). Instead of focusing her entire cause of action against Defendant Noble, the Plaintiffs have also sued various corporate entities and individuals that manufacture, distribute, and/or prescribe certain prescription drug products. Plaintiffs allege generally that these corporate Defendants played a causal role in Defendant Noble's drug addiction and the motor vehicle accident at issue.

Richie is a Glasgow, Kentucky company that is a licensed pharmaceutical distributor. (Complaint, ¶¶ 100-101). The Plaintiffs have sued Richie, alleging that it somehow contributed to Defendant Noble's drug addiction and the motor vehicle accident in which Ms. Noble struck Rhonda Belcher and Mackenzie Paige Hays.

The Plaintiffs' complaint against Richie fails as a matter of law because it does not allege any specific product distributed by Richie which was taken or ingested by Defendant Noble at the time of the subject motor vehicle accident. The Plaintiffs' allegation that Defendant Noble was addicted to unspecified opiates since at least 2001 is insufficient to state a claim against Richie for the subject motor vehicle accident. As will be demonstrated below, the Plaintiffs' complaint fails to state a claim against Richie upon which relief may be granted and dismissal is warranted under Rules 12(b)(6).

## FACTUAL ALLEGATIONS

The Plaintiffs, Rhonda Belcher and Ella Louise Johnson, as Administratrix of the Estate of Mackenzie Paige Hays, filed the instant lawsuit in the Leslie Circuit Court on or about August 20, 2018. The case was then timely removed to this Court. The Plaintiffs allege as follows:

> On August 21, 2017, Private Defendant, Alyssa Noble, was operating an automobile on the streets of Hyden, Kentucky. Without warning, the automobile careened upon the sidewalk and slammed into two innocent pedestrians. Plaintiff Rhonda Belcher was severely injured, and Plaintiff, Ella Louise Johnson's decedent, Mackenzie Paige Hays was killed.

(Complaint, ¶ 1). The Plaintiffs also assert that Defendant Noble "was in the throes of her disease of addiction, was driving under the influence of drugs, and was so impaired as to be unable to control the vehicle she was driving. (Complaint, ¶ 2). The Plaintiffs maintain that Defendant Noble was addicted to opiates since at least 2001 and that the subject motor vehicle accident "was a direct and proximate result of Alyssa Noble's disease of addiction." (Complaint, ¶ 2).

In addition to suing Defendant Noble for her negligent driving, the Plaintiffs have also sued various corporate entities and individuals that manufacture, distribute, and/or prescribe prescription drug products. The Plaintiffs cite generally the so-called opioid addiction crisis as a cause of Defendant Noble's addiction and subsequent negligent driving. The Plaintiffs name prescription drug manufacturers, distributors, and physicians as Defendants but they fail to allege any specific transaction or product distribution that caused Defendant Noble to be impaired on the day of the subject motor vehicle accident.

Among the corporate entities named in the complaint is Richie. Richie is a family business based in Glasgow, Kentucky. The only specific allegations regarding Richie in the Plaintiffs' complaint are as follows:

100. Upon information and belief, Defendant Richie Pharmacal Co. ("Richie") is a Kentucky Corporation with a principal place of business in Glasgow, Kentucky.

101. Upon information and belief, Defendant Richie is a pharmaceutical distributor licensed to do business in Kentucky.

102. Defendant Richie does substantial business in the Commonwealth of Kentucky.

103. Defendant Richie distributes pharmaceuticals to retail pharmacies and institutional providers in all 50 states, including Kentucky.

(Complaint, ¶¶ 100-103).

The Plaintiffs do not allege that Richie was ever in privity with Defendant Noble or that it ever directly furnished her any product. The Plaintiffs concede that Richie is a licensed pharmaceutical distributor and that it distributes products "to retail pharmacies and institutional providers." The Plaintiffs do not allege that Richie had any business relationship with Defendant Noble nor do they assert that Richie distributed any illegal products to the retail pharmacies and institutional providers with whom it contracts. Implicit in the Plaintiffs' allegations is the fact that Defendant Noble received her opioid medication from licensed pharmacists after presenting prescriptions from a licensed physician.

Richie is too far removed from Defendant Noble to be included as a Defendant in this matter. The Plaintiffs do not allege that Richie distributed any specific product that was ultimately used or consumed by Defendant Noble – and they certainly do not allege that Richie distributed anything that Defendant Noble had taken at the time of her motor vehicle collision with the Plaintiff or Plaintiff's decedent. As such, dismissal of the claims against Richie is mandated.

# ARGUMENT

## STANDARD OF REVIEW

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In Ashcroft, the Supreme Court described what is required to survive a motion to dismiss, stating:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id., at 557, 127 S.Ct. 1955 (brackets omitted).
>
> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.
>
> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157–158. But where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 678–79. See also United States ex rel. Harper v. Muskingum Watershed Conservancy Dist., 842 F.3d 430, 435 (6th Cir. 2016) ("a plaintiff's complaint must allege facts that 'state a claim to relief that is plausible on its face' and that, if accepted as true, are sufficient to 'raise a right of relief above the speculative level.'") (Internal citations omitted).

The holding of this Court in Red Hed Oil, Inc. v. H.T. Hackney Co., 292 F.Supp.3d 764, 774-776 (E.D. Ky. 2017), is instructive. Therein, Judge Hood explained the analysis to be undertaken on a Rule 12 motion to dismiss and held:

> Where, as here, the case sits at the pleading stage, the plaintiff need not prove his claims, but must make specific factual allegations that, if true, state a plausible claim for relief. Twombly, 550 U.S. at 570, 127 S.Ct. 1955. Pleading requirements apply to products liability cases in federal court. See Hetteburg v. Standard Homeopathic Co., No. 2:11-158-DCR, 2012 WL 2683125, at *3 (E.D. Ky. July 6, 2012) (ruling that in products liability case the plaintiff must "plead factual allegations from which the Court can reasonably infer the defendants' liability). In addition, the complaint must contain facts for "all material elements necessary for recovery." D'Ambrosio, 747 F.3d at 383. Because causation is a threshold requirement for products liability cases in Kentucky, the plaintiffs bear the burden of pleading facts that make it plausible that the manufacturing defendants caused the harm. "The mere fact that someone believes something to be true" in a products case "does not create a plausible inference that it is true." In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig., 756 F.3d 917, 931 (6th Cir. 2014).
>
> The plaintiffs do not tell us which manufacturer produced the defective e-cigarettes that caused the inferno. They do not tell us how the fire started, other than to generally state that e-cigarettes cause fires. Plaintiffs simply recite legal conclusions that the products "caused" the fire. Inserting Defendants' names into formulaic cause of action language does not satisfy federal pleading standards.

Even assuming the plaintiffs adequately pled that every manufacturing Defendant had defective e-cigarettes in the storage room at the time of the fire, the plaintiffs have not met the causation requirement. Unless every Defendant manufacturer sold defective e-cigarettes that combusted at precisely the same time—an allegation Plaintiffs never make—they cannot all be liable. Only one e-cigarette could have caused the fire. Plaintiffs do not tell us who; they simply sue a range of Defendants they suspect *could be* responsible. Indeed, nothing in the Complaint states that any particular defendant had defective products that caused the fire. Given that only one defective e-cigarette (and thus only one manufacturer) could be responsible for igniting the fire, every manufacturing Defendant cannot be liable. Is a defective Swisher e-cigarette is the cause? What about one from NJoy? Fontem? Logic? Spark? We do not know because Plaintiffs never tell us. Instead, Plaintiffs just sue them all.

It is, of course, *possible* that a defective e-cigarette from any of the manufacturing defendants caused the Redi–Mart fire. But a "complaint that allows the court to infer only a 'mere possibility of misconduct,' is insufficient to 'show' that the complainant is entitled to relief and fails to meet the pleading requirements of Rule 8." Patterson v. Novartis Pharms. Corp., 451 Fed.Appx. 495, 497 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. 1937).

The Court merely asks Plaintiffs for facts that would create a reasonable basis for the inference that Defendants are liable. Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. Plaintiffs speculate that some e-cigarettes were in the store at the time (though they do not specify which manufacturer's brand), that some defective e-cigarettes were in the storage room (though they do not say how many or which ones were defective), that some defect caused the fire (though they do not say what type of defect), and that some manufacturer is responsible (though they do not say which one). In other words, *776 Plaintiffs *suspect* that one of the manufacturing defendants *must have* caused the fire. Maybe so. Plaintiffs can speculate, but speculation does not satisfy the pleading requirements in federal court. Twombly, 550 U.S. at 555, 127 S.Ct. 1955. Indeed, the factual allegations must "raise a right to relief *above* the speculative level.' Id.

(Emphasis added). See also Smith v. Wyeth, Inc., 657 F.3d 420, 423 (6th Cir. 2011) ("Kentucky law also requires that the plaintiffs assert, as a threshold matter, that the defendant's product caused the plaintiff's injury.").

7

## PLAINTIFFS' ALLEGATIONS AGAINST RICHIE ARE INSUFFICIENT TO SURVIVE

The Plaintiffs' allegations against Richie are insufficient to survive a motion to dismiss. Richie was never in privity with either the Plaintiffs or Defendant Noble. There is no allegation that any product distributed by Richie was ever used by Defendant Noble – and most certainly not alleged to have been used at the time of the alleged driving under the influence incident. It is pure speculation for the Plaintiffs to allege that Richie had anything to do with this accident.

Under the cases cited above, the Plaintiffs' claims against Richie fail as a matter of law under Rule 12 (b)(6). The accident which injured Ms. Belcher and killed Ms. Hays was a tragedy but more is required to assert an actionable claim against a party as far removed from the accident as Richie. Even if a product distributed by Richie reached Defendant Noble – which is not pleaded or established – such product would have been issued by a prescription from a licensed physician and then dispensed by a licensed pharmacist. Richie had no ability to know anything about end users who were seen by physicians and pharmacists. Richie had no ability to know of any drug abuse history of Defendant Noble or a means to prevent her alleged overuse of prescription medication.

Finally, Richie contends that any alleged wrongdoing on its part (which is denied) would have been superseded by Defendant Noble herself who knowingly drove while allegedly impaired. This would break any causal chain to Richie and dismissal would be warranted on that basis as well.

## CONCLUSION

Based on the foregoing, Richie asks the Court to grant its motion to dismiss the Plaintiffs' complaint against it with prejudice for failure to state a claim. The entry of a consistent order is respectfully prayed.

This 26th day of September, 2018.

        KERRICK BACHERT, PSC
        1025 State Street
        Bowling Green KY 42101
        Phone - 270-782-8160
        tkerrick@kerricklaw.com
        mcook@kerricklaw.com

        */s/Matthew P. Cook*
        Thomas N. Kerrick
        Matthew P. Cook
        *Counsel for Richie Enterprises, LLC*
        *d/b/a Richie Pharmacal*

## CERTIFICATE OF SERVICE

I hereby certify that on 26th day of September, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic notification of such filing to all counsel of record in this action as follows:

| | |
|---|---|
| Gary C. Johnson | R. Kent Westberry |
| Ryan BiggerStaff | Bridget M. Bush |
| Gary C. Johnson PSC | Landrum & Shouse |
| 110 Caroline Avenue | 220 W. Main St., Ste. 1900 |
| P. O. Box 110 | Louisville, KY  40202 |
| Pikeville, KY  42502 | kwestberry@landrumshouse.com |
| gary@garyjohnson.com | bbuh@landrumshouse.com |
| rbiggertaff@garcjohnson.com | *Counsel for Defendant Russell Portenoy* |
| *Counsel for Plaintiffs* | |

Charles C. Lifland
O'Melveny & Myers LLP
400 S. Hope Street
Los Angeles, CA 90071
clifland@omm.com
*Counsel for Defendants Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, N/K/A Janssen Pharmaceuticals, Inc. and Janssen Pharmaceuticals, Inc. N/K/A Janssen Pharmaceuticals, Inc.*

Christopher M. Musssler
Gwin Steinmetz & Baird
401 W. Main Street
Suite 100
Louisville, KY 40202
cmussler@gsblegal.com
*Counsel for Defendant INSYS Therapeutics, Inc.*

J. Matthew Donohue
Joseph L. Franco
Holland & Knight
2300 U. S. Bancorp Tower
111 S. W. Fifth Avenue
Portland, OR 97204
Matt.donohue@hklaw.com
Joe.franco@hklaw.com
*Counsel for Defendant INSYS Therapeutics, Inc.*

Steven B. Loy
Monica Braun
Stoll Keenon Ogden PLLC
300 West Vine Street
Suite 2100
Lexington, KY 40507
Steven.loy@skofirm.com
Monica.braun@skofirm.com
*Counsel for Defendant Cardinal Health, Inc.*

Mary Jane Brannon
Jackson Kelly, PLLC
175 East Main Street
Suite 500
Lexington, KY 40507
*Counsel for Defendant AmerisourceBergen Corporation*

Jennifer G. Levy
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
Jennifer.levy@kirkland.com
*Counsel for Defendants Allergan PLC (F/K/A Actavis, PLC and Actavis, Inc. (N/K/A Allergan Finance, LL F/K/A Watson Pharmaceuticals, Inc.)*

Donna Welch
Martin Roth
Timtohy Knapp
Kirkland & Ellis
300 North LaSalle
Chicago, IL 60654
Donna.welch@kirkland.com
Martin.roth@kirkland.com
Timothy.knapp@kirkland.com
*Counsel for Defendants Allergan PLC (F/K/A Actavis, PLC and Actavis, Inc. (N/K/A Allergan Finance, LL F/K/A Watson Pharmaceuticals, Inc.)*

Robert J. Benvenuti, III
Holly R. Iaccarin
Barrnett Benvenuti & Butler PLLC
489 East Main Street, Ste. 300
Lexington, KY 40507
Robert.benvenuti@bbb-law.com
hollyiaccarino@bbb-law.com
*Counsel for Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals, Inc.*

Kateryna Stupnevich
Morrison Mahoney LLP
210 Broadway, Ste. 1010
New York, NY 10271
kstupnevich@morrisonmahoney.com
*Counsel for Defendant Magna Pharmaceuticals*

Terry M. Henry
Melanie S. Carter
Blank Rome LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103-6998
thenry@blankrome.com
mcarter@blankrome.com
*Counsel for Defendants Teva Pharmaceuticals USA, Inc., Cephalon, Inc., Watson Laboratories, Inc., Actavis, LLC, and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.*

Angela M. Richie
Gordon Rees Scully Mansukhani
312 S. Fourth Street, Ste. 700
Louisville, KY 40202
arichie@grsm.com
*Counsel for Defendants Perry Fine, Scott Fishman, and Lynn Webster*

Lorie E. Hammon
Charles M. Pritchett, Jr.
Frost Brown Todd LLC
400 West Market Street, Ste. 3200
Louisville, KY 40202
lhammond@fbtlaw.com
cpritchett@fbtlaw.com
*Counsel for Defendants Purdue Pharma LP, Purdue Pharma, Inc. and The Purdue Frederick Company, Inc.*

Angela R. Vicari
Arnold & Porter Kay Scholer, LLP
250 West 55th Street
New York, NY 10019-9710
Angela.vicari@arnoldporter.com
*Counsel for Endo Health Solutions, Inc. and Endo Pharmaceuticals, Inc.*

Edwards Stopher
Boehl Stopher & Graves LLP
400 West Market St., Ste. 2300
Louisville, KY 40202-3354
estopher@BSG-law.com
*Counsel for Defendants Teva Pharmaceuticals, Cephalo, Inc., Watson Laboratories, Inc., Actavis, LLC, and Actavis Pharma, Inc.*

Paul J. Cosgrove
Jeffrey F. Peck
Ulmer & Berne, LLP
600 Vine Street, Ste. 2800
Cincinnati, OH 45202
pcosgrove@ulmer.com
jpeck@ulmer.com
*Counsel for Defendant Xanodyne Pharmaceuticals, Inc.*

Mark S. Cheffo
Dechert LLP
Three Bryan Park
1095 Avenue of Americas
New York, NY 10036-6797
Mark.cheffo@dechert.com
*Counsel for Defendants Purdue Pharma LP, Purdue Pharma, Inc. and The Purdue Frederick Company, Inc.*

| | |
|---|---|
| Chad Shultz<br>Cecily McLeod<br>Gordon Rees Scully Mansukhani<br>3455 Peachtree Road Ste. 1500<br>Atlanta, GA  30326<br>cshultz@grsm.com<br>rmcleod@grsm.com<br>*Counsel for Defendants Perry Fine, Scott Fishman and Lynn Webster* | Alyssa Noble<br>600 Brooklawn Drive<br>Hyden, KY  41749<br>And 2125 KY-118<br>Hyden, KY  41749 |

Jeffrey K. Phillips
Steptoe & Johnson PLC
One Paragon Centre
2525 Harrodsburg Rd., Ste. 300
Lexington, KY  40504
Jeff.phillips@steptoe-johnson.com
*Attorney For Defendant McKesson Corporation*

                                          */s/Matthew P. Cook*
                                          Thomas N. Kerrick
                                          Matthew P. Cook
                                          *Counsel for Richie Enterprises, LLC*
                                          *d/b/a Richie Pharmacal*